PAULINE BRAUNSTEIN, APPELLANT, v. MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Submitted December 11, 1922—Decided March 5, 1923.

1. The act entitled "An act to exempt from taxation for five years certain improvements to real estate" (*Pamph. L.* 1920, *p.* 1068) is unconstitutional as creating an arbitrary special classification of property to be exempted from taxation, and hence as not conforming to the constitutional provision that "property shall be assessed for taxation under general laws and by uniform rules according to its true value." *Const. art.* 4, § 7, ¶ 12. The case of *Koch* v. *Essex County Board of Taxation,* 97 *N. J. L.* 61, approved and followed.

On appeal from the Supreme Court.

For the appellant, *Harry Lane* (*L. Edward Herrmann* submitted a brief on behalf of Fred Benjamin et al., as affected by the result).

For the respondents Mayor and Aldermen of Jersey City, *Thomas J. Brogan* and *Edward P. Stout.*

For the respondent Hudson county board of taxation, *John J. Fallon.*

The opinion of the court was delivered by

PARKER, J.   The fundamental question involved is the constitutionality of a statute approved September 17th, 1920, entitled "An act to exempt from taxation for five years certain improvements to real estate." *Pamph. L., p.* 1068 (see in most cases the volume for 1921).   This act purports to exempt for five years, from October 1st, 1920, improvements to real estate erected between October 1st, 1920, and October 21st, 1922, "for dwelling purposes."   Prosecutrix is the owner of a house and lot in Jersey City coming within the purview of the act, *i. e.,* the house was erected within the statutory period; and being assessed for taxes of 1922, on the house as well as on the lot, sued out a writ of *certiorari* in the present case to review the tax so far as it affected the house.   The Supreme Court, without opinion, affirmed the tax.

The return and depositions indicate, though the point is not important, that the local assessors at first exempted properties covered by the act, and that in view of the decision of the Supreme Court in *Koch* v. *Essex County Board of Taxation,* 97 *N. J. L.* 61; filed March 1st, 1922, the lists were revised and the properties subjected to tax.   The decision cited is precisely in point, but, notwithstanding its far-reaching importance, was not brought to this court.   As the judicial action in the Koch case was the award of a peremptory *mandamus* on the return of a rule to show cause, it was not, in

that form, the subject of review here. *Morris and Cummings Dredging Co.* v. *Bayonne,* 76 *Id.* 573; *Trinkle* v. *Donnelly, ante p.* 298, and cases cited. No attempt seems to have been made to mould a record in alternative *mandamus* as a basis for review; so, this decision of the Supreme Court stands as the law unless we are prepared now to overrule it.

On a careful examination of the opinion in that case, and the record and briefs now before us, we conclude that the result reached by the Supreme Court in the Koch case was correct, and that the judgment of the same court in the present case should be affirmed, for the reasons given in the Koch case, to which we find it unnecessary to add anything of consequence. The arguments of emergency and "police power" alluded to in the other case are reiterated here, and it is urged that the cases of *Block* v. *Hirsh,* 256 *U. S.* 135; *Brown Holding Co.* v. *Feldman, Id.* 170, and *Levy Leasing Co.* v. *Siegel,* 42 *Sup. Ct. Rep.* 289, are authority for the validity of the statute under which exemption from tax is now claimed. On this phase of the case it is sufficient to say that the statutes involved in those decisions related in no way to tax exemption, nor to any repugnancy of a state statute to a plain mandate in a state constitution, but to statutes affecting the contract relation of landlord and tenant, with which we are in no way concerned at this time, and hence we deem them inapplicable and irrelevant to the question before us, which is, whether the Exemption act of 1920, if plainly in violation of the constitutional provision that property shall be assessed for taxation under general laws and by uniform rules according to its true value, as it manifestly is, can be supported on any theory of "emergency" or of so-called "police power." As to this, we specifically concur in the view expressed by the Supreme Court in the Koch case that a pressing emergency is no ground for violation of a constitutional provision, and that the "police power," broad as it is, cannot be exercised in defiance of constitutional limitations.

Let the judgment be affirmed.

*For affirmance* — The Chancellor, Chief Justice, Swayze, Parker, Black, Katzenbach, Heppenheimer. Gardner, Ackerson, Van Buskirk, JJ. 10. .

*For reversal*—Kalisch, J. 1.